**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

FILED: AUGUST 5, 2008
08CV4410
JUDGE GOTTSCHALL
MAGISTRATE JUDGE ASHMAN
PH

| | |
|---|---|
| Beatrice Ventura<br>2429 W. 46th St.<br>Chicago, IL 60632<br><br>    Plaintiff,<br><br>v.<br><br>Eastern Asset Management, LLC<br>3900 McKinley Parkway, Suite 4<br>Hamburg, NY 14219<br><br>    Defendant. | CASE NO.:<br><br>JUDGE:<br><br>**COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT, INVASION OF PRIVACY AND OTHER EQUITABLE RELIEF**<br><br>**JURY DEMAND ENDORSED HEREIN** |

**JURISDICTION AND VENUE**

1. Jurisdiction is founded on 28 U.S.C. §1331 pursuant to the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692. Venue is proper in this district because this is the judicial district where all of the events giving rise to the cause of action took place.

**FACTS COMMON TO ALL COUNTS**

2. The Plaintiff is a person who incurred a consumer debt primarily for personal, family or household purposes.

3. Defendant is a corporation doing business primarily as a consumer debt collector.

4. Defendant is a debt collector as defined by the FDCPA, 15 U.S.C. §1692a(6).

5. The Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3).

6. The debt in question qualifies as a "debt" as defined by 15 U.S.C. §1692a(5).

7. Defendant is either the holder of the debt or was retained by the current holder to collect the debt.

8. Plaintiff filed this claim within the timeframe permitted under the FDCPA.

9. In or around early February 2008, Defendant telephoned Plaintiff's sister and left a message for Plaintiff.

10. During this communication, Defendant stated that Defendant would repossess Plaintiff's car if Plaintiff did not pay the debt.

11. During all of the following communications, Defendant misrepresented its identity as a law firm.

12. In or around early February, 2008, during a telephone communication with Plaintiff regarding the debt, Defendant threatened to seek a lien on Plaintiff's car and have the car repossessed if Plaintiff did not agree to make payments on the debt.

13. Defendant's threats terrified Plaintiff and Plaintiff agreed to make payments on the debt.

14. In or around late February, Defendant telephoned Plaintiff in order to discuss a scheduled payment.

15. During this communication, Plaintiff notified Defendant that Plaintiff did not have the expected funds available because Plaintiff had not received Plaintiff's tax rebate check.

16. Defendant responded that there was nothing Defendant could do about this and that the payment would be posted to Plaintiff's account.

17. In or around March 2008, Defendant telephoned Plaintiff.

18. During this communication, Defendant threatened to prosecute Plaintiff for writing non-sufficient funds (NSF) checks, and threatened that Plaintiff could spend up to one year in jail.

19. During March 2008, Defendant telephoned Plaintiff on numerous occasions.

20. During several of these communications, Defendant threatened that Plaintiff could spend time in jail after Defendant prosecuted Plaintiff for writing NSF checks.

21. On or around April 2, 2008, Defendant telephoned Plaintiff.

22. During this communication, Plaintiff notified Defendant that Plaintiff had retained an attorney for filing bankruptcy and attempted to provide her attorney's contact information but Defendant interrupted Plaintiff.

23. During this communication, Defendant laughed at Plaintiff and stated that Defendant would not let Plaintiff file bankruptcy on the debt because Defendant would secure a judgment before Plaintiff could file.

24. During this communication, Defendant then stated that Plaintiff would need an attorney when Defendant prosecutes Plaintiff for passing NSF checks.

25. During this communication, Defendant threatened that after Defendant was through with Plaintiff, Plaintiff would no longer have a job.

26. At the time of the communications referenced above, Defendant had neither the intent nor the ability to carry out its threatened actions.

27. Defendant damaged Plaintiff emotionally and mentally and has caused substantial anxiety and stress.

28. Defendant violated the FDCPA.

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

29. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

30. The Defendant violated 15 U.S.C. §1692d in that defendant used obscene and/or abusive language during its communications in furtherance of debt collection.

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act

31. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

32. The Defendant violated 15 U.S.C. §1692c in that it contacted a third party and disclosed the existence, nature and/or amount of the debt.

## COUNT THREE

### Violation of the Fair Debt Collection Practices Act

33. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

34. The Defendant violated 15 U.S.C. §1692f in that its actions were unfair and/or unconscionable means to collect a debt.

## COUNT FOUR

### Violation of the Fair Debt Collection Practices Act

35. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

36. The Defendant violated 15 U.S.C. §1692e in that it threatened legal action where such action was not contemplated, and stated for the sole purpose of terrifying the Plaintiff.

## COUNT FIVE

### Violation of the Fair Debt Collection Practices Act

37. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

38. The Defendant violated 15 U.S.C. §1692e by making misrepresentations during its conversations with Plaintiff.

## COUNT SIX

### Invasion of Privacy by Public Disclosure of a Private Fact

39. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

40. Defendant released information which was private to the Plaintiff and concerned Plaintiff's private life to Plaintiff's sister.

41. The disclosure of Plaintiff's debt to this party is highly offensive.

42. The information disclosed is not of legitimate concern to the public.

## JURY DEMAND

43. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

44. Plaintiff prays for the following relief:

   a. Judgment against Defendant for actual damages, statutory damages pursuant to 15 U.S.C. §1692k and costs, and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

   b. Judgment, in an amount to be determined at trial, against Defendant for the Invasion of Privacy by Intrusion upon Seclusion.

   c. For such other legal and/or equitable relief as the Court deems appropriate.


RESPECTFULLY SUBMITTED,

Legal Helpers, P.C.

By: s/Timothy J. Sostrin
    Timothy J. Sostrin
    Bar ID # 6290807
    233 S. Wacker
    Sears Tower, Suite 5150
    Chicago, IL 60606
    Telephone:  866-339-1156
    Email:  tjs@legalhelpers.com
    Attorneys for Plaintiff